IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BMW BANK OF NORTH AMERICA, § § § | |
| Plaintiff, § § | |
| V. § | No. 3:24-cv-1147-S-BN |
| § § | |
| BRYANT THOMAS, § § § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 6.

Plaintiff seeks confirmation of an arbitration award pursuant to 9 U.S.C. § 9. *See* Dkt. No. 1.

**Background**

Plaintiff BMW Bank of North America ("BMW Bank") was assigned two retail installment contracts (the "Contracts") from the purchase of two BMW automobiles by Defendant Bryant Thomas and Thomas Brown Lowe Services, LLC, an entity affiliated with Thomas. *See* Dkt. No. 1. at 1, 3−4

On December 26, 2022, Thomas commenced an arbitration proceeding against BMW Bank under the Contracts' arbitration provision (Section 18). *See id.* at 1. He

asserted various claims related to the Contracts. *See id.* BMW Bank agreed to arbitrate the dispute and filed counterclaims against Thomas, including for breach of contract. *See id.* at 1, 4–5.

On May 16, 2023, Arbitrator Cecilia H. Morgan issued an arbitration award (the "Final Award") in favor of BMW Bank on its counterclaims and ordered that Defendant take nothing for his claims against BMW Bank. *See id.* at 5. The Final Award [Dkt. No. 1-1] provides:

> BMW Bank is entitled to the amounts due on the two contracts from [Defendant]; BMW Bank is entitled to repossess and sell the collateral covered by the contracts; BMW Bank is entitled to monetary relief for the attorney's fees that it incurred as a result of [Defendant's] filing of two false financing statements in the UCC records of the Texas Secretary of State; and [Defendant] is required to pay the costs of arbitration and the fees related thereto.

Dkt. No. 1 at 2.

BMW Bank recovered and sold the vehicles after the arbitrator entered the Final Award and applied the net proceeds to the amounts owed. *See* Dkt. No. 1 at 7. After crediting the net proceeds of the sales of the vehicles and a repossession charge and adding the accrued interest, BMW Bank alleges that the Defendant owes $89,076.03. *See* Dkt. No. 1 at 7.

BMW Bank filed this Application to Confirm Arbitration Award ("Application") on May 14, 2022, seeking confirmation of the Final Award under 9 U.S.C. § 9. *See* Dkt. No. 1.

**Legal Standards & Analysis**

I. <u>Subject Matter Jurisdiction</u>

The Court first has an independent duty to examine its own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

As part of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9 provides for a proceeding for a federal court to confirm an arbitration award: "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."

But "for jurisdiction over controversies touching arbitration," the FAA "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008).

BMW Bank alleges that "[t]he Court has [subject matter] jurisdiction over the Application under the [Federal Arbitration] Act and 28 U.S.C. § 1332(a)(1) because BMW Bank and [Defendant] are citizens of different states, and the amount in controversy exceeds $75,000, excluding interests and costs." Dkt. No. 1. BMW Bank alleges that it "is a corporation organized under the laws of Utah, with its principal

place of business in Utah" and that Thomas is an individual who is domiciled in the State of Texas. *Id.* at 3.

"Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000." *Bynane v. Bank of New York Mellon for CWMBS, Incorporated Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017).

To establish complete diversity, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (cleaned up). Corporations are citizens "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). And individuals are citizens of the states where they are domiciled, because, "for purposes of federal diversity jurisdiction, 'citizenship' and 'domicile' are synonymous." *Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972).

Here, BMW Bank and Thomas are completely diverse as citizens of Utah and Texas.

And, on a petition to confirm an arbitration award, "the amount in controversy is the amount sought in the underlying arbitration rather than the amount awarded." *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182 (5th Cir. 2016) (cleaned up).

Here, Thomas sought $293,719.98 in damages in his original arbitration

complaint. *See* Dkt. No. 1 at 3. And BMW Bank's counterclaims exceeded $100,000.00, and, so, this requirement is met. *See id.*

BMW Bank has established both requirements for diversity jurisdiction under Section 1332(a).

II. <u>No Grounds Exist to Vacate, Modify, or Correct the Final Award</u>

The FAA "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 443 (2006). Under the FAA, an arbitration award must be confirmed unless it is vacated, modified, or corrected "as prescribed" in Sections 10 and 11. *Hall St. Assocs. LLC v. Mattel, Inc.*, 552 U.S. 576, 577 (2008). Sections 10 and 11, respectively, provide the FAA's exclusive grounds for vacatur and modification. *See id.* These grounds cannot be modified by contract. *See id.*

The party seeking vacatur of an arbitration award bears the burden of proof, and the reviewing court must decide any uncertainties or doubts in favor of sustaining the award. *See Soaring Wind Energy, LLC v. CATIC USA, Inc.*, 333 F. Supp. 3d 642, 651 (N.D. Tex. 2018) (quoting *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385 (5th Cir. 2004)).

Section 12 of the FAA provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." The Arbitrator entered the Final Award on May 16, 2023. *See* Dkt. No. 1 at 2. And, so, if Thomas wished to vacate, modify, or correct the award, he must have served BMW Bank or its counsel "within three months after the award [was] filed or delivered," or on or about August 16,

2021.

Here, Thomas never moved to vacate, modify, or correct the award within the three-month limitation period prescribed by Section 12. And, so, the Court should grant BMW Bank's Application to confirm the Final Award.

Defendant is also barred from raising objections to BMW Bank's Application to confirm the award. *See Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418 (5th Cir. 1993) ("the failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the United States Arbitration Act bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the [United States Arbitration Act] to confirm the award.").

Because no grounds exist to vacate, modify, or correct the Final Award, the Court should confirm it.

## Recommendation

The Court should grant BMW Bank's Application to Confirm the Arbitration Award [Dkt. No. 1].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 18, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE