# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BMW BANK OF NORTH AMERICA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-1147-S-BN |
| | § | |
| BRYANT THOMAS | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Objections were filed. The Court reviewed de novo those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Defendant Bryant Thomas has also filed a Motion to Challenge Standing and Request Oaths and Alternative Motion to Dismiss ("Motion") [ECF No. 9]. Although Defendant cites Federal Rule of Civil Procedure 12(b)(1), he does not challenge the Court's subject-matter jurisdiction but rather asserts that Plaintiff BMW Bank of North America's counsel in this action "lacks standing and jurisdiction because as a fictitious foreign corporation, Claimant's counsel, failed to establish citizenship or right of authority to speak on behalf of BMW BANK OF NORTH AMERICA." Mot. 1.

Defendant invokes Texas Rule of Civil Procedure 12 as allowing a party to challenge an attorney's authority to defend or prosecute a lawsuit and asserts that "[w]hen a corporate entity is involved, there must be evidence that the attorney was appointed pursuant to the Texas Business Organizations Code and entity's governing documents." *Id.* at 1-2. But Texas Rule of Civil

Procedure 12 "does not apply in federal court," and, even if it did, "the record reflects that counsel has filed pleadings on [Plaintiff's] behalf, complying with the signature requirements of Federal Rule of Civil Procedure 11. Counsel does not need to demonstrate any additional authority to represent their clients." *Babineaux v. Wells Fargo Bank, N.A.*, No. 4:23-CV-01563, 2023 WL 9508094, at *10 (S.D. Tex. Nov. 29, 2023) (cleaned up), *report and recommendation adopted by* 2024 WL 406776 (S.D. Tex. Feb. 2, 2024).

Further, "attorneys are presumed to have authority to act on behalf of the party they claim to represent," and, under the circumstances, "the Court does not find any reason to question that presumption here," where Defendant's "allegations are conclusory and fail to adequately challenge the authority of [Plaintiff's] counsel." *Badaiki v. Cameron Int'l Corp.*, No. 4:19-CV-371, 2020 WL 8990868, at *2 (S.D. Tex. Nov. 20, 2020) (citations omitted).

The Court likewise finds no merit in Defendant's assertions that Plaintiff or its counsel are or should be required to submit "any proof of the Anti-Bribery Statements under § 36.02 of the Texas Penal Code" or "any proof that any of the foreign corporations have registered as foreign agents under federal law." Mot. 2-3.

Therefore, the Court **DENIES** Defendant's Motion to Challenge Standing and Request Oaths and Alternative Motion to Dismiss [ECF No. 9].

**SO ORDERED.**

SIGNED October 17, 2024.

_____
**UNITED STATES DISTRICT JUDGE**